UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| JOHN M. MULHOLLAN,<br><br>        Plaintiff,<br><br>vs.<br><br>SIERRA HEALTH SERVICES, INC., a<br>Nevada Corporation; and DOES I through X,<br>ROES I through X, inclusive,<br><br>        Defendants. | 02:02-CV-1477-LRH (LRL)<br><br>ORDER |

Presently before this court is Defendant Sierra Health Services' Emergency Motion to Set Amount of Supersedeas Bond and for Immediate Temporary Stay (#129[1]).  On June 2, 2006 judgment was entered against Defendant in the amount of $615,242 plus attorneys' fees and costs to be determined at a later date (#106).  On June 30, Defendant filed a notice of appeal with this court (#109).  Plaintiff John Mulhollan also chose to appeal[2], filing his notice on July 3 (#112). On August 30 Plaintiff applied for and received a writ of execution on the June 2 judgment (#128).  The present motion seeking an emergency stay of that writ and requesting a supersedeas bond amount be set was filed on August 31 (#129).

The present motion was considered by the Honorable Edward C. Reed, Jr. and a

---

[1] References to (#XX) refer to the court's docket.

[2] Although not dispositive to the court in this instance, it is of note that at least two circuits have held that a supersedeas bond is not required, and a stay is presumed, when a prevailing party appeals a judgment in its favor. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2D* § 2905 n.3 (1995).

temporary stay was issued to allow the undersigned the opportunity to fully review the request for a stay and determination of the amount for any required supersedeas bond (#130). In the interim between that stay and this order, Plaintiff has filed an opposition (#131) which the court has considered.

Plaintiff's objections to allowing a bond in this instance rest on the argument that the granting of a supersedeas bond cannot retroactively extinguish an executed judgment. *See In re Bucyrus Grain Co., Inc.*, 127 B.R. 52 (D. Kan. 1991) (denying request for stay of execution); *Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*, 40 F.Supp.2d 1141 (C.D. Cal. 1999) (denying request for supersedeas bond when notice of levy and memorandum of garnishee had been served on third party). While the court agrees with Plaintiff's assessment that a subsequent stay will not invalidate prior executions, the current situation is distinguishable from the cases relied on by Plaintiff. Accordingly, the court will grant a temporary stay to allow for the posting of a supersedeas bond.

*Ribbens International* and *United States v. $2,490.00 in U.S. Currency*, 825 F.2d 1419 (9th Cir. 1987), relied on by *In re Bucyrus Grain Company*, both involved situations where actual execution of a judgment had occurred and the moving party was seeking a supersedeas bond to reverse the effects of that execution. In both cases, the courts properly held that a supersedeas bond cannot retroactively invalidate the prior executions of the judgments.[3] However, the court does not agree with the result in *In re Bucyrus Grain Company*. There, the court held that a previously issued writ of execution that had not yet been executed on could not be stayed pending the approval of a supersedeas bond. *In re Bucyrus Grain Co.*, 127 B.R. at 55. Although a writ of execution has been issued here, there has been no attachment of assets that would need to be undone by a stay designed to allow the posting of a supersedeas bond.

The purpose of a supersedeas bond, as properly stated in *In re Bucyrus Grain Company*,

---

[3] The *United States v. $2,490.00* matter is distinct from the facts of this case in that the currency at issue also served as the basis for the court's jurisdiction over the matter. Once the funds were released to the United States Treasury, the court no longer had jurisdiction to hear the request for a bond and dismissed accordingly. 825 F.2d at 1420-21.

1  is to secure an appellee from loss resulting from a stay of execution and to ensure that a
2  prevailing party does not have to defend its judgment without assurances that it will be paid if
3  affirmed.  *Id.*  Accordingly, the court sees no prejudice to Plaintiff in allowing a supersedeas
4  bond to be filed in this matter.  Plaintiff has not, yet, obtained control of any assets to satisfy the
5  judgment and will have a sufficient amount secured in the form of the supersedeas bond to
6  ensure that he will be fully compensated if his judgment is affirmed.  Should the bond not be
7  permitted, Plaintiff will be able to commence execution remedies.  Thus, the only significant
8  potential for prejudice affects Defendant.  Accordingly, good cause exists for a limited stay
9  pending the posting of the supersedeas bond.  If the bond is posted, Plaintiff suffers no harm.  If
10 the bond is not posted, Plaintiff may continue with execution upon his judgment.

11      The remaining issue, then, is what amount to set for the bond.  Defendant acknowledges
12 that the bond must, at a minimum, cover the costs of the judgment as well as provide for post-
13 judgment interest.  Defendant also recognizes that the final award of attorneys' fees and costs has
14 not been determined, but that Plaintiff has requested nearly $250,000 and may have additional
15 claims for attorneys' fees and costs if his judgment is affirmed by the Ninth Circuit.  The court
16 has taken into account the amount of the judgment as well as the outstanding fees and costs issue
17 in determining an amount for the supersedeas bond.  The court concludes that a bond in the
18 amount of $1,350,000.00 is appropriate in this matter.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1   IT IS THEREFORE ORDERED that Defendant's request for a stay and to set the amount of supersedeas bond (#129) is GRANTED;

2   Enforcement of the writ of execution gained by Plaintiff shall be stayed for ten (10) court days from the date of this order;

3   Defendant shall have until the completion of the aforementioned stay to post an acceptable supersedeas bond with the Clerk of the Court in the amount of $1,350,000.00.

DATED this 7th day of September, 2006.

_____
LARRY R. HICKS
United States District Judge